UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-93(JMR)

UNITED STATES OF AMERICA, Plaintiff,

v.

AARON RANDY BOUGHTON, Defendant.

**ORDER OF DETENTION**

This matter came before the Court on May 1, 2008, for an initial appearance and upon the motion of the United States for an Order of Detention. The defendant was present and represented by his attorney Kate Menendez. The United States was represented by Assistant United States Attorney Joseph T. Dixon, III.

Defendant Boughton is charged by petition with violating the conditions of supervised release. The defendant waived the preliminary hearing, and accordingly, the Court finds probable cause that a violation of supervised release conditions has occurred.

Based upon the allegations and offer of proof -- namely, the defendant admitted to traveling outside the district without permission and to possessing controlled substances and a firearm -- and the record before the Court, the Court concludes that there are no conditions or combination of conditions of bond that will reasonably ensure the safety of the community. Accordingly, the Court will grant the government's motion for detention.

## DISCUSSION

Under 18 U.S.C. § 3142, detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986). Under Fed.R.Crim.P. 32.1(a)(6), the defendant bears the burden. Based on the foregoing, the Court finds that detention is justified.

## **CONCLUSION**

Based upon the evidence presented, the Court concludes that the defendant has failed to meet his burden to establish that there are conditions or a combination of conditions of bond that would reasonably ensure the safety of the community. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending trial;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: May 2, 2008

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge